Nicholson, C. J.,
delivered the opinion of the Court.
In March, 1867, Briggs & Bro., of Franklin, Tennessee, wrote to Montgomery & Co., at . Louisville, Kentucky, ordering five barrels of coal oil, and one barrel of lubricating oil. The articles were immediately shipped by boat, the shippers taking the receipt of the boat, acknowledging that the oil was shipped in good order and condition. The articles were not delivered at Franklin until the expiration of twenty nine-.days, whereas they ought to have gone in seven days. When the barrels reached Franklin, they, were leaking, the staves shrunk, and most of the oil gone. Briggs ■& Bro. refused to' receive the barrels, except at the quantity of oil then left .in them,. The, agent of the-railroad company declining to deliver them on those terms, they remained at. the railroad depot for about two months. Briggs & Bro. agreed with .the railroad company to submit the question of .the, liability of, the road to two arbitrators, who .decided that, for the detention of the barrels fourteen days in Nashville, the road should pay to Briggs & Bro., $30. The arbitrators assessed no other damage, except for the detention at Nashville. The $30 having been paid, Briggs & Bro. then received the barrels, which at that time were empty.
Montgomery & Co. made out their, account, and made oath to it in proper form, and brought suit *675 before a justice of the peace, who gave judgm'ent for the defendants. Upon • appeal to the Circuit- Court,' the cause was tried by a jury, who gave "a verdict for the plaintiffs for $135, -'whereupon defendants brought the cause to this court, by,writ of' error. Upon the trial in the Circuit' Court, several witnesses" - proved-that, from the condition of the barrels when they reached Franklin,' the wood of which they were made, must have been green when they were filled with the oil. Several other witnesses at Louisville proved that barrels of green wood would not hold coal oil, that it was always put in seasoned barrels, and that this lot of barrels was seasoned and in good order when shipped.
The defendants below, sought to make the plaintiffs responsible for damages, on account of the oil having been shipped to them in barrels made of green staves, and to have' the damages set-off against the amount of the account. They did not deny the correctness of the account on oath.
The Circuit Judge charged the Jury,- “that -the receipt of the carrier showing that the goods were in good order and condition, Was conclusive of that fact as between the seller and buyer.”- In answer to the request of defendants’ counsel to charge the jury, that, “notwithstanding the carrier receipted for ' them in good order and condition, he would not be responsible for loss occasioned by defective packing,” the court remarked to the jury, “that such was the law, but it had : no application to this case, but would apply in a suit between the consignor and the carrier.” The court also charged *676 the jury, that this account, coming as it did, properly sworn to, from another State, was conclusive on the defendants, unless they denied it on oath; and the defendants would not be permitted to make any defense against it, except under oath; and, therefore, they could not plead a set-off, or recoup in any way for damages, or make any other defense.”
By the concluding portion of the charge, as quoted, the Judge withdrew from the jury all the evidence of the defendants as to the nature and extent of their damages, and in effect, decided the case against them.
It is insisted for plaintiffs in error, that there was error in this charge, especially in that portion of it which relates to the effect of the account coming from another State properly sworn to. Section 3780 of the Code provides, that such an account “is conclusive evidence against the party sought to be charged, unless he shall, on oath, deny the account.” This section of the Code is substantially the same as the act of 1819, c. 25, s. 1, which has been before this court several times for construction, but never, as we are aware, in the shape in which it is now presented. In the case of Cave & Shaffer v. Baskett, 3 Hum., 340, Judge Green gives the origin of the statute, and says that “our migratory population was constantly presenting cases where debtors and creditors became dispersed in different counties and states,” making it troublesome and expensive to sue on their accounts and take depositions; and “to obviate this mischief, and to afford the creditor an easy and cheap means of collecting his .debts, where they were justly due, and no real defense *677 existed, this act of 1819 was passed.” He next proceeds to state the legal effect of the oath made to such an account. He says: “By c. 27, s. 4, of the same year, it is provided, that a party pleading non est factum to (or more correctly, denying the execution of) any promissory note, bill of exchange, &c., should make affidavit of the truth of his plea. The act under consideration only intended to put a proven account upon the same footing.”
The act of 1819 again came before this court, in the case of W. & A. R. R. Co. v. Mead, 4 Sneed, 108, when Judge Harris adopted the reason for the passage of the act, given by Judge Green in 3 Hum., 340, quoting and italicising the words “against which no real defense existed;” but he decided that it was not intended to embrace an account regularly sworn to, which claimed the value of two boxes delivered to the Railroad Company as common carriers. He added: “ It certainly was not the purpose of the Legislature to so far abolish the rules of evidence as to permit the plaintiff, who might reside in a different county or State, in every case where he might suppose he had a cause of action, either in tort or ex con-tractu, to set out his cause of action in the form of an account, and then, prima facie, at least, to make out his case by his own affidavit.” It is obvious that the court at that time regarded the law as intended to be applicable only to cases “against which no real defense existed;” and that the legal effect of the affidavit was to make for the plaintiff a prima facie case for recovery. This would be sufficient, or in the language of the Code, “conclusive,” *678 against the defendant, unless .he should deny the account on oath.
■ But suppose the defendant does not deny the items of the account, or that he bought them, or that the price is correctly charged, what is the legal effect of the affidavit? The answer is, to give the account the force and effect of a promissory note, on which the plaintiff has a right to take judgment, if the defendant has no. real defense. But if he has a real defense, then he has the same right to -make it against a sworn account, that he has to make it against, a promissory note, .without denying on oath the account or the execution of the note. He can not controvert the items of the account; no more than he can controvert the execution of a note, except upon oath. But he may make his defense by any plea that does not deny the account, just as he may plead to a note without denying its execution.
The case before -us illustrates the propriety of this construction of. the section of the Code under consideration. The. defendants do not deny that they ordered the five barrels of oil, nor that they were correctly charged as to price. The affidavit of the plaintiffs as to the correctness of the account as made out, is not denied, and therefore they can not d.eny the account on oath. But they say that the. oil was put up in barrels made of green staves, the immediate consequence of which was, that the oil was lost, and that thereby they are damaged. They claim the right to plead these facts by way of defense, and the proof shows, that it is a real defense. We hold that, in such case the affidavit of the plaintiff to the account is *679 conclusive only in the sense of being sufficient evidence to entitle- the plaintiff to a recovery, unless the defendant can overcome ' it by evidence sustaining the plea as to damages, on which he relies.
The charge of the Circuit Judge was, therefore, erroneous, and the judgment is reversed, and the cause remanded for another trial. ' ''